14036

## HICKS v. CAROLINA POWER & LIGHT CO.

(179 S. E., 322)

*Mr. L. D. James*, for appellant,

*Messrs. Lee & Moise,* for respondent,

April 3, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The facts out of which this action arose, briefly stated, are these: On March 11, 1932, the plaintiff applied to the defendant for electric light service at his home in the City of Sumter. The application was in writing and duly signed by Hicks, and, together with the rules and regulations of the company incorporated therein, constituted the contract between the parties. We quote here the rules applicable to the facts in this case:

"Bills are due and payable when presented or mailed and are considered delinquent if not paid within ten days from date of bill.

"Company may require satisfactory security for the payment of Consumer's account, not in excess of two months estimated bill of Consumer.

"When payment of bill is not secured and any bill of Consumer is not paid within ten days from date thereof, then the Company shall have the right, upon one day's written notice delivered personally or by mail, to suspend service to Consumer until such bill is paid. Where any delinquent bill is paid either in part or in full, by the application of a deposit previously made by Consumer as security thereof, then in that event, if the deposit is not restored, the Company upon one day's written notice, delivered personally or by mail, shall have the right to suspend service until restoration of deposit.

"To cover the expense incident thereto, a charge of $1.00 shall be required and collected in advance for reconnecting service, where the same has been discontinued for violation of the Rules and Regulations of the Company, for nonpayment of bills or due to change in location of Consumer within twelve months after date of previous installation of service."

On the date of the execution of the contract, the plaintiff, who rented the house which he occupied, deposited with the company, as required by it, the sum of $3.00, and received therefor the following certificate of deposit, or receipt: "This certifies that the Carolina Power & Light Company has received from D. D. Hicks Three and 00/100 Dollars as a Special Deposit, to guarantee Company's property on premises and all service and merchandise accounts that may now exist or may hereafter be incurred, such Deposit to be refunded upon surrender of this Certificate and final settlement of all accounts, with interest at the rate of six per cent. per annum from date until day of settlement. It is hereby agreed that the Carolina Power & Light Company may at its option apply this Deposit to the payment of any indebtedness due at any time."

The company, under the express terms of the agreement, was authorized and empowered to discontinue service should the consumer failed to comply with any of its rules and regulations governing its service or should he become delinquent in any service account. As provided by Rule 4, the defendant mailed to Hicks a service bill for $1.70, which was due on May 25, and which stated that "service will be discontinued if not paid by June 5, 1932." The plaintiff having failed to pay this account by the date named, the company mailed him an additional notice to the effect that unless it was paid on or before June 13th, or arrangements made for extension of credit, the service would be discontinued without further notice. It also contained the following statement: "Where a deposit has been made as a guarantee for payment, same has been applied on the service account, and unless the deposit is restored and any remaining balance on the service account paid on or before the above mentioned date, service will be discontinued without further notice." No attention was given by plaintiff to this notice, and, as the bill not paid or the deposit restored by the last-named date, the defendant, on or about June 15th,

cut off the current. This suit was then brought for damages alleged by plaintiff to have been suffered by him as a result of such action of the company.

On trial of the case, the Circuit Judge granted defendant's motion for a nonsuit, and the case is now here on appeal.

The appellant states that the question to be decided "is whether the respondent had the right to cut off the electric current from the home of appellant while appellant had on deposit with the respondent more than enough to pay the bill in question." The respondent contends that the issue is whether the company had the "right to discontinue electrict service from appellant's home upon appellant's non-payment of a recent and just bill therefor, when appellant admittedly failed to pay such delinquent bill or to restore the amount of the deposit previously made with respondent."

Under either statement of the question, we think the conclusion reached by Judge Mann was correct. In granting the motion for a nonsuit, he made the following observation with regard to the deposit provision of the contract: "My construction of this contract is that this is put there in the place of bond and surety clause, guaranteeing unpaid accounts after the relationship of buyer and seller has been terminated. The deposit cannot be resorted to until there has been a breach of the contract by consumer. It is their protection against outstanding accounts, after the relationship of buyer and seller has been terminated. So there can be no recourse to that account, until this relationship has been breached. It also provides after this relationship has been breached, how it may be restored, by the consumer going in and making up the difference. The amount would have to be taken out, or had been taken out, charged against the account to make up the difference, then before he can require a restoration of the relationship of buyer and seller, he must make up the difference, by restoring the deposit to its former amount."

While it appears that the exact question here presented has not been passed upon by this Court, we have held in a number of cases that a utility company has the right to discontinue service to a customer upon nonpayment by such customer of a just, past-due bill for service furnished him, and to refuse to further supply him with service until such account is paid. See *De Pass v. Broad River Power Co.,* 173 S. C., 387, 176 S. E., 325, 95 A. L. R., 545, where the cases are reviewed, and where the Court construed the word "recent" as used in connection with such bills.

Unquestionably, where the consumer fails to pay a just, undisputed bill for service rendered him by a utility, as provided by the contract between them, there is a breach of the contract by the customer; and in such event the company has the right to discontinue the service, and to charge the delinquent account to the amount deposited by the consumer to guarantee the payment of such claims. In a situation of this kind, before the consumer would be entitled to have the contract restored and service resumed, he must either pay the delinquent bill or restore the deposit.

In the case at bar, there is no contention that the bill in question was not past due, just, and correct. And it appears that the company did all that it was bound to do under its contract with the consumer in the matter of giving him due and proper notice that service would be discontinued unless the bill was paid by a certain date named therein; and also that if any part of the deposit which he had made with the company should be used to pay the bill, and such deposit was not restored by the date given, service would be withdrawn. The customer, the plaintiff, neither paid the bill nor restored the deposit in the time required. He, therefore, has no just cause to complain of the company's action in cutting off the current. See *Georgia Railway & Power Co. v. Peck,* 17 Ga. App., 652, 88 S. E., 33.

The order appealed from is affirmed.

Messrs. Justices Carter and Bonham and Messrs. Acting Associate Justices Wm. H. Grimball and G. B. Greene, Circuit Judges, concur.